# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| GWINNETT COUNTY, GEORGIA; CITY OF BROOKHAVEN, GEORGIA, and UNIFIED GOVERNMENT OF ATHENS-CLARK COUNTY, GEORGIA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., HULU, LLC, DISNEY DTC LLC, DIRECTV, LLC, DISH NETWORK CORP., and DISH NETWORK L.L.C.,<br><br>        Defendants. | CIVIL NO.<br>_____ |

## NOTICE OF REMOVAL

Defendant DIRECTV, LLC ("DIRECTV"), hereby removes the above-captioned action from the Gwinnett County Superior Court to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1332(a), 1332(d), 1367, 1441, 1446, and 1453.

## I. JURISDICTION

1. This Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because: (1) Plaintiffs

purport to assert this action on behalf of more than one hundred putative class members; (2) there is minimal diversity between the parties, such that at least one Plaintiff and one Defendant are citizens of different states; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). This Court also has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because: (1) there is complete diversity among the parties, and (2) the claims against each defendant exceed the $75,000 amount in controversy requirement, exclusive of interest and costs. Removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

## II.     BACKGROUND AND SUMMARY OF THE COMPLAINT

2.     On or about November 23, 2020, Plaintiffs commenced this action (the "Action") by filing a petition for declaratory judgment and other relief captioned GWINNETT COUNTY, GEORGIA, CITY OF BROOKHAVEN, GEORGIA, and UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA, on behalf of themselves and all others similarly situated (each a "Plaintiff," and collectively, "Plaintiffs"), v. NETFLIX INC., HULU, LLC, DISNEY DTC LLC, DIRECTV, LLC, DISH NETWORK CORP., and DISH NETWORK L.L.C. (each a "Defendant," and collectively, "Defendants"), Case

No. 20-A-07909-10, in Gwinnett County Superior Court. *See* Compl., Ex. A (the "State Court Class Action").

3.    In the State Court Class Action, Plaintiffs allege that under the Georgia Consumer Choice for Television Act (the "Act"), Defendants have been, and are now, video service providers and therefore are subject to the Act but have failed to comply with the Act's requirements. *See* Compl., Ex. A, at 1-3, ¶¶ 1-6. Specifically, Plaintiffs assert that Defendants have failed to apply for a franchise or pay franchise fees as required by the Act. *See* Compl., Ex. A, at 3, ¶ 6. Based on these allegations, Plaintiffs assert the following causes of action:

(1)    Declaratory Judgment, Injunctive Relief, and an Accounting;

(2)    Unjust Enrichment; and

(3)    Unpaid Fees, Interest, and Penalties. *See* Compl., Ex. A, at 24, ¶¶ A-F, *id.* at 26, ¶¶ A-E, *id.* at 27, ¶¶ A-C.

4.    Plaintiffs purport to assert these claims under O.C.G.A. § 9-11-23 "on behalf of themselves and all other Georgia affected local governing authorities that collect franchise fees, and in which Defendants have provided or continue to provide video services," defining "local governing authorities" with reference to Georgia law as "any municipal governing authority when any part of such municipality is located within the service area and any county governing

authority when any part of the unincorporated area of such county is located within the service area." Compl., Ex. A, at 2, 7, ¶¶ 3, 7, 20. Plaintiffs' proposed class includes over 100 Georgia local governments. *See infra* ¶ 14.

5.     Plaintiffs seek the above-mentioned monetary damages, injunctive relief, and declaratory relief on behalf of themselves and other proposed class members. *See* Compl., Ex. A, at 7, ¶ 20. Plaintiffs seek a judgment against Defendants for "the franchise fees, interest, and penalty due each class member from Defendants[.]" Compl., Ex. A, at 27, ¶ A.

6.     Plaintiffs also request an injunction preventing Defendants from providing services for a fee unless Defendants pay such franchise fees. *See* Compl., Ex. A, at 25, ¶ D.

7.     On December 2, 2020, Plaintiffs served a copy of the Summons and Petition for Declaratory Judgment and Other Relief with Exhibits A-S on DIRECTV. *See* State Court Record, Ex. A at p. 212, Affidavit of Service on DIRECTV, LLC.

8.     DIRECTV has not yet responded to the Complaint in the State Court Class Action. On December 17, 2020, Plaintiffs and DIRECTV entered into a stipulation extending the time for DIRECTV to move, plead, or otherwise respond to the Complaint through and including February 3, 2021. *See* State

Court Record, Ex. A at pp. 233-35, Stipulation Extending Time to Respond to
Complaint.

## III.   NO ADMISSION

9.    For the sole and limited purpose of establishing the basis of this
Court's jurisdiction over this action, DIRECTV assumes as true Plaintiffs'
allegations in the Complaint, but DIRECTV denies any liability in this case, both
as to Plaintiffs' individual claims and as to the proposed class members' claims.
In alleging the amount in controversy and other matters in this removal
pleading, DIRECTV does not concede any liability, damages, or any other claims
or defenses. DIRECTV is only stating what the stakes of litigation could be under
Plaintiffs' allegations. "[T]he plaintiffs' likelihood of success on the merits is
largely irrelevant to the court's jurisdiction because the pertinent question is
what is *in controversy* in the case, not how much the plaintiffs are ultimately
likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir.
2010) (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir.
2009)).

## IV.   THIS COURT IS THE PROPER VENUE

10.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed State Court Class Action was filed in the Gwinnett County Superior Court, a court within the Northern District of Georgia.

## V.     THIS COURT HAS JURISDICTION UNDER CAFA

11.     CAFA vests federal district courts with original jurisdiction over a putative "class action" that meets certain jurisdictional requirements. CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The State Court Class Action qualifies as a putative "class action" because Plaintiffs bring this action under O.C.G.A. § 9-11-23 (*see* Compl., Ex. A, at 7, ¶ 20), which sets forth Georgia's class action procedure and is analogous to Federal Rule of Civil Procedure Rule 23. *Bowden v. Med. Ctr., Inc.*, 309 Ga. 188, 193 n.5, 845 S.E.2d 555, 560 n.5 (2020) ("We note that [m]any provisions of [O.C.G.A.] § 9-11-23 were borrowed from Federal Rule of Civil Procedure 23, and for this reason, when Georgia courts interpret and apply [O.C.G.A.] § 9-11-23, they commonly look to decisions of the federal

courts interpreting and applying Rule 23." (first alteration in original) (citations omitted) (internal quotation marks omitted)).

12.     Removal of a putative class action under CAFA is proper if: 1) there are at least 100 members in the proposed class; 2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from the state of any defendant; and 3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Because all three requirements are satisfied in this case, removal under CAFA is appropriate.

### A.     Plaintiffs assert the State Court Class Action on behalf of more than 100 proposed class members.

13.     Plaintiffs purport to represent a class of all Georgia "local governing authorities" that collect franchise fees pursuant to the Act, and which have residents that subscribe to DIRECTV or other Defendants' services. *See* Compl., Ex. A, at 3, 7, ¶¶ 7, 20.

14.     Plaintiffs acknowledge in the Complaint that "[t]he proposed class includes over 40 Georgia local governments." *See id.* at 7, ¶ 21. In fact, the total number of Georgia "local governing authorities" that collect franchise fees is well

over 100 according to the Georgia Secretary of State's website.[1] *See* O.C.G.A. § 36-76-6(a)(2). Defendants provide services in over 100 of these jurisdictions.

15.     Thus, there are more than 100 proposed class members.

**B.     There is minimal diversity among Plaintiffs and Defendants.**

16.     CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For CAFA purposes, limited liability companies are "unincorporated associations" under 28 U.S.C. § 1332(d)(10), and their citizenship is determined as if they are corporations. *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 504 n.2 (3d Cir. 2013) ("Under CAFA, suits brought by unincorporated associations [are] treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entities' principal place of business and not by the citizenship of its members." (alteration in original) (citations omitted) (internal quotation marks omitted)).

17.     Plaintiffs are citizens of Georgia. Plaintiffs allege that they are "local governing authorities" and are "political subdivision[s] of the state of Georgia." *See* Compl., Ex. A, at 4, ¶¶ 8-10. "A public entity or political subdivision of a state, unless simply an 'arm or alter ego of the State,' . . . is a citizen of the state

---

[1] https://sos.ga.gov/Corporations/acrobat/VideoFranchise/VIDEOFRANRESOL.pdf

for diversity purposes." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (quoting *Moor v. Alameda Cty.*, 411 U.S. 693, 717-18 (1973)). Under Georgia law, cities and counties are not merely arms or alter egos of the State. O.C.G.A. § 36-1-3 ("Every county is a body corporate, with power to sue or be sued in any court."); O.C.G.A. § 36-30-1 (providing that "city," "town," "municipality," and "village" are synonymous and are all municipal corporations). For purposes of determining CAFA jurisdiction, Plaintiffs are all citizens of the State of Georgia.

18.     At the time of the filing of the Complaint and at all times since, DIRECTV, LLC, was and is a limited liability company formed under the laws of the State of California with its principal place of business in California. DIRECTV, LLC, is therefore a citizen of California for CAFA purposes. 28 U.S.C. § 1332(d)(10); *Vodenichar*, 733 F.3d at 504 n.2. DIRECTV, LLC, is not a citizen of Georgia.

19.     At the time of the filing of the Complaint and at all times since, Netflix was and is a corporation formed under the laws of the State of Delaware with its principal place of business located in California. Netflix is therefore a citizen of Delaware and California for purposes of determining CAFA jurisdiction. 28 U.S.C. § 1332(c)(1) (providing that for purposes of section 1332, "a

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Netflix is not a citizen of Georgia.

20.    Hulu, LLC, is a limited liability company formed under the laws of the State of Delaware with its principal place of business in California. Hulu, LLC, is therefore a citizen of Delaware and California for CAFA purposes. 28 U.S.C. § 1332(d)(10); *Vodenichar*, 733 F.3d at 504 n.2. Hulu, LLC, is not a citizen of Georgia.

21.    At the time of the filing of the Complaint and at all times since, Disney DTC LLC was and is a limited liability company formed under the laws of the State of Delaware with its principal place of business in California. Disney DTC LLC is therefore a citizen of Delaware and California for CAFA purposes. 28 U.S.C. § 1332(d)(10); *Vodenichar*, 733 F.3d at 504 n.2. Disney DTC LLC is not a citizen of Georgia.

22.    At the time of the filing of the Complaint and at all times since, DISH Network Corporation was and is a corporation formed under the laws of the State of Nevada with its principal place of business located in Colorado. DISH Network Corporation is therefore a citizen of Nevada and Colorado for

purposes of determining CAFA jurisdiction. 28 U.S.C. § 1332(c)(1). DISH

Network Corporation is not a citizen of Georgia.

23.     At the time of the filing of the Complaint and at all times since,

DISH Network L.L.C. was and is a limited liability company formed under the

laws of the State of Colorado with its principal place of business in Colorado.

DISH Network L.L.C. is therefore a citizen of Colorado for CAFA purposes. 28

U.S.C. § 1332(d)(10); *Vodenichar*, 733 F.3d at 504 n.2. DISH Network L.L.C. is not a

citizen of Georgia.

24.     Because there is complete diversity among Plaintiffs and Defendants

under the modified CAFA citizenship analysis, CAFA's minimal diversity

requirement is satisfied. *See* U.S.C. § 1332(d)(2).

25.     Neither the "local controversy" nor the "home-state controversy"

exception applies here. *See* 28 U.S.C. §§ 1332(d)(4)(A), 1332(d)(4)(B).

26.     The local controversy exception only applies if, at a minimum, the

case involves at least one in-state defendant from whom significant relief is

sought. 28 U.S.C. § 1332(d)(4)(A)(i)(II). None of the defendants is a citizen of

Georgia, so the local controversy does not apply.

27.     For the home state exception to apply, all primary defendants must

be citizens of the state in which the case is filed. 28 U.S.C.§ 1332(d)(4)(B). Again,

none of the defendants is a citizen of Georgia, so the home state exception does not apply either.

**C.    The amount in controversy exceeds $5,000,000.**

28.    An action is removable under CAFA when "the amount in controversy exceeds the sum or value of $5,000,000 . . . ." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated . . . ." *Id.* § 1332(d)(6).

29.    Under CAFA, the amount in controversy requirement is satisfied as long as the claims of all plaintiffs against all defendants exceed $5 million. *See Pretka*, 608 F.3d at 772.

30.    Assuming the truth of the allegations in the Complaint, there is more than $5,000,000 in controversy, as required for removal under 28 U.S.C. § 1332(d)(2).

31.    Based on Defendant Netflix's review of its corporate records, Netflix has earned over $103 million in gross revenues (as defined by the Act) from subscribers within the jurisdiction of Plaintiff Gwinnett County from 2015-2020. According to the Georgia Secretary of State's website, Plaintiff Gwinnett County

charged a 5% franchise fee during this period.[2] O.C.G.A. § 36-76-6(a)(2) ("Each affected local governing authority or its authorized designee shall provide written notice to the Secretary of State and each applicant for or holder of a state franchise with a service area located within that affected local governing authority's jurisdiction of the franchise fee rate that applies to the applicant for or holder of such state franchise."). Thus, Plaintiff Gwinnett County seeks $5,150,000 ($103,000,000 x 5% = $5,150,000) in back franchise fees from Defendant Netflix alone.  The aggregate claims of all Plaintiffs against all Defendants therefore exceed $5 million.

32.     Removal of this action is proper under 28 U.S.C. § 1441, 1446, and 1453 because the requirements for CAFA jurisdiction under § 1332(d) are satisfied by the claims against Netflix alone.

## V.     THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)

### A.     There is complete diversity among the parties.

33.     Plaintiffs are citizens of the State of Georgia. *See supra* ¶ 17.

34.     DIRECTV, LLC's sole member is DIRECTV Holdings LLC, a Delaware limited liability company with its principal place of business in

---

[2] https://sos.ga.gov/Corporations/acrobat/VideoFranchise/VIDEOFRANRESOL.pdf

California. DIRECTV Holdings LLC's sole member is The DIRECTV Group, Inc., a Delaware corporation with its principal place of business in California. DIRECTV, LLC, is therefore a citizen of Delaware and California for purposes of determining diversity jurisdiction. *Rolling Green MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that for diversity jurisdiction, a limited liability company is a citizen of any state in which a member of the company is a citizen); 28 U.S.C. § 1332(c)(1). DIRECTV, LLC, is not a citizen of Georgia.

35.    Hulu, LLC, has three members. One member is Fox-Hulu Holdings, Inc., a corporation organized under the laws of Delaware that is a citizen of Delaware and California. Its second member is ABC Enterprises Acquisition, LLC, a limited liability company organized under the laws of Delaware whose sole member is a citizen of Delaware and California. Its final member is NBCU New Site Holdings, LLC, a limited liability company organized under the laws of Delaware whose members are citizens of Delaware and Pennsylvania. Hulu, LLC, is therefore a citizen of Delaware, California, and Pennsylvania for purposes of determining diversity jurisdiction. *Rolling Green MHP*, 374 F.3d at 1022; 28 U.S.C. § 1332(c)(1). Hulu, LLC, is not a citizen of Georgia.

36.     Disney DTC LLC's sole member is Disney Streaming Services LLC, a Delaware limited liability company with its principal place of business in California. Disney Streaming Services LLC's sole member is Disney Enterprises, Inc., a Delaware corporation with a principal place of business in California. Disney DTC LLC is therefore a citizen of Delaware and California for purposes of determining diversity jurisdiction. *Rolling Green MHP*, 374 F.3d at 1022; 28 U.S.C. § 1332(c)(1). Disney DTC LLC is not a citizen of Georgia.

37.     DISH Network L.L.C.'s sole member is DISH DBS Corporation, which is incorporated under the laws of the State of Colorado and has its principal place of business in Colorado. DISH Network L.L.C. is therefore a citizen of Colorado for purposes of determining diversity jurisdiction. *Rolling Green MHP*, 374 F.3d at 1022; 28 U.S.C. § 1332(c)(1). DISH Network L.L.C. is not a citizen of Georgia.

38.     For general diversity jurisdiction purposes, the citizenship of Netflix and DISH Network Corporation is evaluated the same way as their citizenship for CAFA jurisdiction. *See supra*, at ¶¶ 19, 22. Neither Netflix nor DISH Network Corporation is a citizen of Georgia.

39.     Because every Plaintiff is a citizen of Georgia and no Defendant is a citizen of Georgia, complete diversity is satisfied. 28 U.S.C. § 1332(a).

**B.      The amount in controversy between each Defendant and at least one Plaintiff exceeds $75,000, and supplemental jurisdiction exists for the claims of any other Plaintiffs.**

40.      As there is complete diversity among the parties, this Court has original jurisdiction as long as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

41.      Where, as here, the Complaint does not specify a particular amount in controversy, the Eleventh Circuit had held "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752. Where a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014); *see also Pretka*, 608 F.3d at 754 ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and *may* require evidence relevant to the amount in controversy at the time the case was removed." (emphasis added) (citation omitted)).

-16-

42.     Each defendant satisfies the $75,000 amount in controversy requirement as to at least one named Plaintiff.

43.     Plaintiffs seek, among other things, "franchise fees . . . due each class member from Defendants" from "July 1, 2007 and for the duration of this litigation." Compl., Ex. A, at 27, ¶¶ 91, A.

44.     Plaintiff Gwinnett County is seeking at least $5 million in back franchise fees from Netflix, which exceeds the $75,000 amount in controversy requirement. *See supra* ¶ 31.

45.     Based on DIRECTV's review of its corporate records, DIRECTV has earned over $20 million in gross revenues (as defined by the Act) from subscribers within the jurisdiction of Plaintiff Gwinnett County in 2019. Plaintiff Gwinnett County is thus seeking at least $1 million in back franchise fees from DIRECTV. This amount exceeds the $75,000 amount in controversy requirement.[3]

46.     Based on DISH's review of its corporate records, DISH has earned over $30 million in gross revenues (as defined by the Act) from subscribers

---

[3] Although DIRECTV does not break down its total revenue between streaming and satellite services, DIRECTV has estimated revenue attributable to streaming versus satellite services in 2019. Even if streaming services constituted only 10% of DIRECTV's total revenue in Gwinnett County in 2019 (an extremely conservative assumption), however, that would put far more than $75,000 of disputed franchise fees at issue.

within the jurisdiction of Plaintiff Gwinnett County from 2007-2020. Plaintiff Gwinnett County is thus seeking at least $1.5 million in back franchise fees from DISH. This amount exceeds the $75,000 amount in controversy requirement.

47.     Based on Hulu's review of its corporate records, Hulu has earned over $20 million in gross revenues (as defined by the Act) from subscribers within the jurisdiction of Plaintiff Gwinnett County from 2015-2020. Plaintiff Gwinnett County is thus seeking at least $1 million in back franchise fees from Hulu. This amount exceeds the $75,000 amount in controversy requirement.

48.     Based on Disney's review of its corporate records, Disney has earned over $2 million in gross revenues (as defined by the Act) from subscribers within the jurisdiction of Plaintiff Gwinnett County from 2015-2020. Plaintiff Gwinnett County is thus seeking at least $100,000 in back franchise fees from Disney. This amount exceeds the $75,000 amount in controversy requirement.

49.     "When there are multiple plaintiffs in an action, as there are here, federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citing *Exxon Mobil v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005)); 28 U.S.C. § 1367.

50.    Claims are part of the same case or controversy when they "arise out of a common nucleus of operative facts," meaning they "arise from the same facts, [and] involve similar occurrences, witnesses or evidence." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016) (citations omitted).

51.    Here, each Plaintiff alleges that Defendants "transmit video programming . . . through wireline facilities located at least in part in Georgia's public rights-of-way," constituting "video service" under the Act. Compl., Ex. A, at 3, ¶ 5; O.C.G.A. § 36-76-2(16) (defining "video service"). Each Plaintiff also alleges that "[d]espite the requirements of the Television Act, Defendants have not applied for a franchise or paid franchise fees." Compl., Ex. A, at 3, ¶ 6; O.C.G.A. §§ 36-76-4 (application requirement), 36-76-6 (franchise fee payment requirement). There is thus a "common nucleus of operative fact" between the claims of remaining Plaintiffs on these issues, and the court can exercise supplemental jurisdiction over them.

52.    Removal of this action is proper under 28 U.S.C. § 1441 because the requirements for general diversity jurisdiction under § 1332(a) are satisfied for each Defendant and supplemental jurisdiction may be exercised over the claims of all other Plaintiffs.

## VII.  DIRECTV HAS COMPLIED WITH ALL THE PREREQUISITES FOR REMOVAL

53.     This Notice of Removal is timely because it was filed within 30 days of service. 28 U.S.C. § 1446(b). DIRECTV was served with the Summons and Complaint on December 2, 2020. *See* Ex. A.

54.     As required by 28 U.S.C. § 1446(b)(2)(A), DIRECTV has conferred with each other Defendant, and each other Defendant has consented to the removal of this action. The other Defendants' written consents are attached as Exhibit B.

55.     Under 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit A is a true and correct copy of all process, pleadings, orders, and other documents on file in the state court, and a copy of the state court docket sheet. *See* State Court Record, Ex. A. DIRECTV has not filed an answer or other response to the Complaint in the Gwinnett Superior Court before removal and is not aware of any currently pending motions in that court.

56.     Under 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies hereof will be sent to Plaintiffs' counsel and filed with the Clerk of the Court in the state court action. DIRECTV will also file a Notice of Filing

this Notice of Removal with the Clerk of the Court in the state court action and proof of service on all adverse parties.

57.     DIRECTV reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure Rule 12.

WHEREFORE, DIRECTV removes the State Court Class Action from the Gwinnett County Superior Court to the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 4th day of January, 2021

KILPATRICK TOWNSEND
   & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
(404) 815-6555 (facsimile)
hwalker@kilpatricktownsend.com
jjett@kilpatricktownsend.com
aconger@kilpatricktownsend.com

/s/John P. Jett
Henry Walker
Georgia Bar No. 732254
John P. Jett
Georgia Bar No. 827033
Ava J. Conger
Georgia Bar No. 676247

*Counsel for Defendant DIRECTV, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I served a true and correct copy of the foregoing on counsel for Plaintiffs Gwinnett County, Georgia, City of Brookhaven, Georgia, and Unified Government of Athens-Clark County, Georgia, by U.S. Mail delivery, postage prepaid, and electronic mail delivery, to the following address:

Timothy Rigsbee
Robert L. Ashe III
Jennifer L. Peterson
BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW
Suite 3900
Atlanta, GA 30309
rigsbee@bmelaw.com
ashe@bmelaw.com
peterson@bmelaw.com

Steven M. Berezney
Garrett R. Broshuis
KOREIN TILLERY, LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
sberezney@koreintillery.com
gbroshuis@koreintillery.com

Stephen T. LaBriola
Fellows LaBriola LLP
225 Peachtree Street, NE
Suite 2300 South Tower
Atlanta, Georgia 30303
slabriola@fellab.com

Victor Jih
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-1650
vjih@wsgr.com

William J. Holley, II
Scott E. Zweigel
John H. Elliott
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30308
wjh@phrd.com
sez@phrd.com

Pantelis Michalopoulos
Jared R. Butcher
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
pmichalopoulos@steptoe.com
jbutcher@steptoe.com

jell@phrd.com

Michael S. French
Tiffany N. Watkins
WARGO & FRENCH, LLP
999 Peachtree Street, N.E., 26th Floor
Atlanta, GA 30309
mfrench@wargofrench.com
twatkins@wargofrench.com

Mary Rose Alexander
Robert C. Collins III
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
mary.rose.alexander@lw.com
robert.collins@lw.com

Jean A. Pawlow
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
jean.pawlow@lw.com

Date: January 4, 2021

KILPATRICK TOWNSEND
    & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Phone: (404) 815-6020
Fax: (404) 541-3174
jjett@kilpatricktownsend.com

/s/John P. Jett
John P. Jett
Georgia Bar No. 827033

*Counsel for Defendant DIRECTV, LLC*

-23-